UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-23454-Civ-COOKE/TORRES

BALDOMERO GUASCH,

    Plaintiff,

vs.

CARNIVAL CORPORATION, *a foreign profit corporation*,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Baldomero Guasch ("Plaintiff" or "Guasch") brings this action against Defendant Carnival Corporation ("Defendant" or "Carnival) for disability discrimination and retaliation under the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760 Fla. Stat., and the Family and Medical Leave Act ("FMLA"). 29 U.S.C. § 2615(a). Carnival filed a Motion for Summary Judgment ("Motion") (ECF No. 22), which Guasch has failed to respond to despite multiple extensions of time (ECF Nos. 33, 38). For the reasons below, Carnival's Motion is granted.

**I.     BACKGROUND**

Guasch is an HIV-positive male. ECF No. 1-1. He worked as a "Tele-Solutions Specialist" at Carnival from October 16, 2000 through October 9, 2014, handling telephone inquiries related to existing cruise bookings and travel plans. Def.'s Concise Statement of Undisputed Material Facts ¶¶ 1, 4, ECF No. 23 ("Def.'s Facts").[1] Guasch reported to the Guest Solutions Supervisor—Andres Borrero ("Borrero") at first, and then Hilda Perez

---

[1] Defendant's statement of undisputed material facts are deemed admitted to the extent they are supported by evidence in the record and not specifically disputed by Plaintiff in an opposing statement of facts. S.D. Fla. L.R. 56.1(b); *see also Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245 – 46 (S.D. Fla. 2009). A nearly identical set of facts are set forth in Defendant's Proposed Pretrial Stipulation, *see* ECF No. 41 at 3 – 10, which Plaintiff responded to in a separate pretrial stipulation. *See* ECF No. 42 at 1 –4. Because Plaintiff is now proceeding *pro se*, I will consider his comments to Defendant's facts in his pretrial stipulation as an opposing statement of facts. Though, as discussed, most of Plaintiff's comments fail to refute the facts outlined in Defendant's Motion.

1

("Perez")—who in turn reported to the Director of Service, Solutions, and Support, Mitzi White ("White"). *Id.* ¶¶ 5 –6. Guasch fell under White's supervisory authority starting in early 2011. *Id.* ¶ 7. He worked from home during his time under White, meeting White and Borrego in-person a handful of times and never meeting Perez at all. *Id.*

Carnival maintains phone productivity standards for Solutions Specialists like Guasch. *Id.* ¶¶ 8 –10. Instances where a Solutions Specialist is unavailable to take calls during a regular workday, such as for restroom breaks or personal calls, are known as "AUX time." *Id.* ¶ 11. Excessive use of AUX time on multiple days can result in unsatisfactory phone productivity ratings, and disciplinary actions including termination. *Id.* ¶¶ 12 – 13. Guasch failed to meet Carnival's phone productivity standards many times during his employment, and was warned about his high AUX time at several monthly and annual reviews. *Id.* ¶¶ 14 – 15.

Guasch received multiple corrective counseling notices at the start of 2014 about his excessive AUX time. *Id.* ¶¶ 16 – 18. This was the first time Guasch received multiple corrective notices in a one-year period. *Id.* ¶ 22. Guasch then received a written reminder notification of his excessive AUX time in August 2014, followed by a final warning the following month. *Id.* ¶¶ 19 – 20. Nonetheless, Guasch exceeded his AUX time on three separate days in September 2014. *Id.* ¶ 21. After an in-person meeting with White on October 9, 2014, Guasch was terminated. *Id.* ¶ 23 – 24.

Guasch was approved for intermittent FMLA leave at some point in July 2014, though parties dispute exactly when and whether it was a sufficient amount of leave. While the parties agree to Guasch's history of requesting and being granted FMLA leave throughout his time at Carnival, *id.* ¶¶ 29, 31, they disagree about whether Guasch's supervisors knew of his HIV-positive medical condition. Carnival asserts that its Human Resources Department does not share an employee's medical information with his or her supervisor. *Id.* The parties also dispute whether Guasch's earlier AUX time entries were properly adjusted to account for computer glitches and FMLA leaves.

## II.  LEGAL STANDARD

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56. In making this assessment, a court "must view all

the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.,* 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 – 48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. "For factual issues to be considered genuine, they must have a real basis in the record . . . mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted).

"Even in an unopposed motion, the moving party still bears the burden of identifying [the evidence] which it believes demonstrates the absence of a genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Further, the "district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). After review of the evidence, summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### III. DISCUSSION

#### A. FCRA Claim

To establish a *prima facie* case of FCRA discrimination, a plaintiff must show that "(1) he has a disability; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination as the result of his disability." *Gordon v. E.L. Hamm & Assocs., Inc.,* 100 F.3d 907, 910 (11th Cir. 1996); *see also Dulaney v. Miami-Dade Cty.*, 481 F. App'x 486, 489 n.2 (11th Cir. 2012) (noting how FCRA claims "are analyzed using the same framework as [Americans with Disabilities Act] claims"). "To succeed on a claim of disability discrimination, the plaintiff must show the decision-maker of the adverse employment action was aware of the disability." *Moreira v. Am. Airlines, Inc.*, 157 F. Supp. 3d 1208, 1215 (S.D. Fla. 2016). "Further, neither statements revealing a general health problem nor a general appearance of being sick are sufficient to put an employer on notice of an employee's disability." *Stanley v. Lockheed Martin Corp.*, No. 6:11-CV-1649-ORL-36, 2013 WL 3974655, at *5 (M.D. Fla. Aug. 1, 2013).

Beyond Guasch's conclusory and speculative comments in his filings, there is no evidence that shows Guasch's direct supervisors had knowledge of his medical condition. Carnival asserts that only its Human Resources Department is aware of employee's medical conditions. None of Guasch's conversations or performance reviews about his excessive AUX time hint at supervisor knowledge of his HIV-positive status. Nor is there record of Guasch being harassed, treated poorly, or even complaining before about workplace misconduct due to his medical condition. Without more, Guasch's FCRA claim fails.

#### B. FMLA Claim

A plaintiff may bring both interference and retaliation claims under the FMLA. For interference claims, "an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001). Retaliation claims place the added burden on a plaintiff to show that "his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right. . . . In other words, . . . that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus." *Id.* (internal quotation marks omitted). A *prima facie* retaliation claim must show the "(1) [employee] engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Id.*

Neither type of FMLA claim succeeds here. Carnival granted Guasch's past FMLA

requests, including one he made in July 2014. The record evidence shows Guasch's termination followed a series of warnings throughout 2014 about his excessive AUX time use, including a final warning the month before he was fired. Terminating an employee for violating a company policy like Carnival's AUX time guidelines is a permissible, nondiscriminatory reason that does not animate a retaliation claim. *See Usry v. Liberty Reg'l Med. Ctr., Inc.*, 560 F. App'x 883, 888 – 90 (11th Cir. 2014).

Guasch protests the delay in receiving FMLA benefits in 2014 and the intermittent leave that was ultimately approved. It is possible that granting only intermittent leave when full leave was requested and warranted could trigger an FMLA issue. *See Kaylor v. Fannin Reg'l Hosp., Inc.*, 946 F. Supp. 988, 998 (N.D. Ga. 1996) (noting how "cooperation of the employee and employer in scheduling intermittent leave is vital" and citing to U.S. Senate report that discouraged FMLA intermittent leave "unless the employee and the employer agree to such an arrangement."). But no cited record evidence suggests Carnival's granting of intermittent leave was ill advised or unilaterally executed.

What is more, any purported computer glitches or staff mistakes in adjusting Guasch's AUX time do not alter my conclusions. Even assuming his AUX time was miscalculated, and that those mistakes led to his firing, Guasch does not have a viable FCRA or FMLA claim. As the Eleventh Circuit has bluntly put, an "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984). The record evidence does not bear any discriminatory reason for Guasch's termination.

## IV.   CONCLUSION

Therefore, it is **ORDERED and ADJUDGED** that Defendant's Motion for Summary Judgment (ECF No. 22) is **GRANTED**. The Clerk shall **CLOSE** this case. All pending motions are **DENIED** *as moot*. I will issue a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE and ORDERED** in chambers at Miami, Florida, this 9th day of January 2016.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Edwin G. Torres, U.S. Magistrate Judge*

*Counsel of record*

Baldomero Guasch, *Pro se*
9711 NW 4th Lane
Miami, FL 33172